UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
MENACHEM TAUBENFLIEGEL AND
ELIZABETH TAUBENFLIEGEL
on behalf of themselves and
all other similarly situated consumers

                                         Plaintiffs,

             -against-


FINANCIAL RECOVERY SERVICES, INC.

                                         Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiffs Menachem Taubenfliegel and Elizabeth Taubenfliegel seek redress for the illegal practices of Financial Recovery Services, Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiffs are citizens of the State of New York who reside within this District.

3. Plaintiffs are consumers as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiffs are respective consumer debts.

4. Upon information and belief, Defendant's principal place of business is located in Minneapolis, Minnesota.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Menachem Taubenfliegel and Elizabeth Taubenfliegel*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect alleged consumer debts from the Plaintiffs.

10. On or about December 5, 2017, Defendant sent Plaintiff Elizabeth Taubenfliegel a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter stated: "As of the date of this letter, you owe $6350.35" and "Balance due as of December 5, 2017: $6350.35," words that imply that the balance may increase at a later stage.

12. On or about December 7, 2017, Defendant sent Plaintiff Menachem Taubenfliegel a collection letter seeking to collect a balance allegedly incurred for personal purposes.

13. The said letter stated: "As of the date of this letter, you owe $2352.15" and "Balance due as of December 7, 2017: $2352.15," words that imply that the balance may increase at a later stage.

14. In other words, the said language implies that **as of the date of the letters**, the Plaintiffs

respectively owe the amounts stated above, and that the balances may change as interest or other charges may be added to the balances owed in the future.

15. The fact that no interest was accruing as of the date of the said letters, and that no charges or fees had accrued, the language of as quoted above, only serves to confuse the least sophisticated consumer as to whether interest, fees or other charges may be added to the balance in the future. See Chuway v. National Action Financial Services, 362 F.3d 944 (7th Cir.2004). (Letter stating the balance but inviting the debtor to call to obtain "the most current balance information" creates doubt as to whether the balance stated is increasing and violates the FDCPA unless an explanation is provided.)

16. While it is typical for collection letters to state an "amount due" or a "current balance", it is not typical for a letter to state that the amount owed is as of a specific date as such language would imply the potential of a different balance on a different date. See Islam v. Am. Recovery Serv., 2017 U.S. Dist. LEXIS 180415 ("The language in the collection letter "as of the date of this letter" suggests that the debt is in a dynamic state — "as of the date" suggests that on a different date, the amount of the debt may be different — and, of course, anyone would understand that it won't get any smaller without payment. But the undisputed fact is that, contrary to this suggestion, the amount of this debt will never be different, never get greater. The debtor has therefore been subtly incentivized to pay now to avoid paying more later, when, in fact, there never would be "more later." Defendant receives money that it might not have received but for the language "as of the date of this letter." The debtor has thus been misled or deceived.")

17. If the Defendant had intended to add interest, fees or other charges, then it is bound to disclose that the balance may increase due to interest and fees. See Avila v. Riexinger &

Associates, LLC, 817 F.3d 72, (2d Cir. 1016).

18. The sole purpose of the Defendant's language as quoted above, was to coerce the Plaintiffs into paying immediately.

19. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiffs who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

20. Collection notices that state only the amount due, but do not disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

21. The Defendant violated 15 U.S.C. § 1692e(2)(A) for misrepresenting the amount of the debt owed by the Plaintiffs.

22. 15 U.S.C. § 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt; or
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23. 15 U.S.C. § 1692g of the FDCPA provides:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless

>   the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
>   (1) the amount of the debt.

24. The Defendant failed to provide the consumer with the actual amount of the debt in the respective initial communications with the Plaintiffs.[1]

25. The said letters are standardized form letters.

26. Upon information and belief, the Defendant's collection letters, such as the said collection letters, number in the hundreds.

27. Defendant's letters are in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692g and 1692g(a)(1) for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

28. Plaintiffs suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

29. Plaintiffs suffered actual harm by being the target of the Defendant's misleading debt collection communications.

30. Defendant violated the Plaintiffs' right not to be the target of misleading debt collection communications.

31. Defendant violated the Plaintiffs' right to a truthful and fair debt collection process.

32. Defendant used materially false, deceptive, misleading representations and means in its

---

[1] Beauchamp v. Fin. Recovery Services, Inc., 2011 U.S. Dist. LEXIS 25512, 2011 WL 891320, at *2 (S.D.N.Y. Mar. 14, 2011). (Ultimately, the critical question [in determining whether a communication violates the F.D.C.P.A.] is . . . whether the notice fails to convey the required information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to the [6] meaning of the message. . . . letter may, in violation of 15 U.S.C. § 1692g, make the least sophisticated consumer uncertain as to her rights and confused about the total amount she owes where the "[l]etter provides that the outstanding balance may increase".)

attempted collection of Plaintiffs' alleged debts.

33. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

34. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiffs in a manner that deprived them of their right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

35. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

36. As an actual and proximate result of the acts and omissions of Financial Recovery Services, Inc., Plaintiffs have suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which they should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiffs on behalf of themselves and the members of a class, as against the Defendant.*

37. Plaintiffs re-state, re-allege, and incorporate herein by reference, paragraphs one (1) through thirty six (36) as if set forth fully in this cause of action.

38. This cause of action is brought on behalf of Plaintiffs and the members of a class.

39. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as

the letters sent to the Plaintiffs on or about December 5, 2017 and December 7, 2017; and (a) the collection letters were sent to a consumer seeking payment of respective personal debts; and (b) the collection letters were not returned by the postal service as undelivered; (c) and the Plaintiffs assert that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10), 1692g and 1692g(a)(1) for failing to clearly state the amount of the debt which is due and owing, by implying that a payment sooner rather than later will be more economical for the consumer and by employing false, deceptive and misleading representations in connection with the collection of a debt.

40. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiffs will fairly and adequately represent the class members' interests. The Plaintiffs have retained counsel experienced in bringing class

        actions and collection-abuse claims. The Plaintiffs' interests are consistent with those of the members of the class.

41. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

42. If the facts are discovered to be appropriate, the Plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

43. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

44. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

45. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiffs, respectfully request preliminary and permanent injunctive relief, and that this Court enter judgment in their favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
December 4, 2018

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiffs request trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

DEPT 813    1564337217122
PO BOX 4115
CONCORD CA  94524

**FINANCIAL RECOVERY SERVICES, INC.**
P.O. Box 385908
Minneapolis, MN  55438-5908
1-877-725-4986

RETURN SERVICE REQUESTED

CURRENT CREDITOR: DISCOVER BANK
ORIGINAL CREDITOR:  DISCOVER BANK
REGARDING: DISCOVER CARD
ACCOUNT NUMBER: XXXXXXXXXXXX5862
DATE OF LAST PAYMENT: 09/21/16
CHARGE-OFF DATE: 05/31/17
AMOUNT DUE AS OF CHARGE-OFF: $2352.15

December 7, 2017

TOTAL BALANCE DUE: $2352.15
FRS FILE NUMBER:    49
ON-LINE PIN NUMBER:
(Used to access and view your file on WWW.FIN-REC.COM)

MENACHEM M TAUBENFLIEGEL



******INITIAL NOTIFICATION******

The account(s) listed above have been assigned to this agency for collection.  As of the date of this letter, you owe $2352.15.

While your account is with our office, if you pay $2352.15, the above-referenced account will be considered paid in full.  Please feel free to call us at the toll-free number listed below or use our online consumer help desk.  FRS now accepts some forms of payment online at www.fin-rec.com.  See your online access pin above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any other portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you are sending your payment by overnight delivery, please use the following address:  4510 W. 77th ST, Suite 200, Edina, MN 55435.

This communication is from a debt collection agency licensed by the Minnesota Department Of Commerce.

Sincerely,
ANDREW POULTERER
Account Manager
Toll Free: 1-877-725-4986

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.
This communication is from a debt collector.

**See reverse side for important information.**

Office hours are: Monday-Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

---

NOTE: ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED A $15.00 CHARGE.

### Detach Coupon And Mail Payment

| 1 OF 3 | 2 OF 3 | 3 OF 3 |
| --- | --- | --- |
| FRS File #:   49 | FRS File #:   49 | FRS File #:   49 |
| 1-877-725-4986 | 1-877-725-4986 | 1-877-725-4986 |
| Balance due as of December 7, 2017: $2352.15 | Balance due as of December 7, 2017: $2352.15 | Balance due as of December 7, 2017: $2352.15 |
| Amount enclosed:_____ | Amount enclosed:_____ | Amount enclosed:_____ |
| Home phone:_____ | Home phone:_____ | Home phone:_____ |
| Work phone:_____ | Work phone:_____ | Work phone:_____ |
| Cell phone:_____ | Cell phone:_____ | Cell phone:_____ |
| Financial Recovery Services, Inc.<br>P.O. Box 385908<br>Minneapolis, MN 55438-5908<br>Letter Code Sent: 013 | Financial Recovery Services, Inc.<br>P.O. Box 385908<br>Minneapolis, MN 55438-5908<br>Letter Code Sent: 013 | Financial Recovery Services, Inc.<br>P.O. Box 385908<br>Minneapolis, MN 55438-5908<br>Letter Code Sent: 013 |

**FINANCIAL RECOVERY SERVICES, INC.**

DEPT 813    1225424517127
PO BOX 4115
CONCORD CA 94524

P.O. Box 385908
**Minneapolis, MN 55438-5908**
1-877-476-9749

CURRENT CREDITOR: BARCLAYS BANK DELAWARE
ORIGINAL CREDITOR: Barclaycard
REGARDING: ADV AVIATOR RED MC
ACCOUNT NUMBER: XXXXXXXXXXXX3179
DATE OF LAST PAYMENT: 09/26/16
CHARGE-OFF DATE: 04/27/17
AMOUNT DUE AS OF CHARGE-OFF: $6350.35

RETURN SERVICE REQUESTED

December 5, 2017

TOTAL BALANCE DUE: $6350.35
FRS FILE NUMBER: ▮62
ON-LINE PIN NUMBER: ▮
(Used to access and view your file on WWW.FIN-REC.COM)

ELIZABETH TAUBENFLIEGEL

******INITIAL NOTIFICATION******

The account(s) listed above have been assigned to this agency for collection. As of the date of this letter, you owe $6350.35.

While your account is with our office, if you pay $6350.35, the above-referenced account will be considered paid in full. Please feel free to call us at the toll-free number listed below or use our online consumer help desk. FRS now accepts some forms of payment online at www.fin-rec.com. See your online access pin above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any other portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you are sending your payment by overnight delivery, please use the following address: 4510 W. 77th ST, Suite 200, Edina, MN 55435.

This communication is from a debt collection agency licensed by the Minnesota Department Of Commerce.

Sincerely,
ANDREW POULTERER
Account Manager
Toll Free: 1-877-476-9749

This is an attempt to collect a debt. Any information obtained will be used for that purpose.
This communication is from a debt collector.

**See reverse side for important information.**

Office hours are: Monday-Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

---

*Detach Coupon And Mail Payment*

| 1 OF 3 | 2 OF 3 | 3 OF 3 |
|---|---|---|
| FRS File #: ▮62 | FRS File #: ▮62 | FRS File #: ▮62 |
| 1-877-476-9749 | 1-877-476-9749 | 1-877-476-9749 |
| Balance due as of December 5, 2017: $6350.35 | Balance due as of December 5, 2017: $6350.35 | Balance due as of December 5, 2017: $6350.35 |
| Amount enclosed:_____ | Amount enclosed:_____ | Amount enclosed:_____ |
| Home phone:_____ | Home phone:_____ | Home phone:_____ |
| Work phone:_____ | Work phone:_____ | Work phone:_____ |
| Cell phone:_____ | Cell phone:_____ | Cell phone:_____ |
| Financial Recovery Services, Inc. | Financial Recovery Services, Inc. | Financial Recovery Services, Inc. |
| P.O. Box 385908 | P.O. Box 385908 | P.O. Box 385908 |
| Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 |
| Letter Code Sent: 013 | Letter Code Sent: 013 | Letter Code Sent: 013 |